## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

Kenneth Frank Creamer,       )
      Petitioner,        )
                         )
v.                     )      1:11cv240 (TSE/JFA)
                         )
Director, Department of Corrections,   )
      Respondent.      )

FILED
JAN 2 7 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

### MEMORANDUM OPINION

Kenneth Frank Creamer, a Virginia inmate proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction in the Circuit Court for the City of Virginia Beach, Virginia. On June 9, 2011, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court for the City of Virginia Beach, entered on September 9, 2008. Commonwealth v. Creamer, No. CR06-2371. Following a jury trial, petitioner was convicted of first-degree murder and sentenced to life in prison. The three-judge review panel opinion from the Court of Appeals of Virginia reveals the following underlying facts:

> Creamer's wife was killed in their garage by a bolt fired from a
> crossbow. Randall Howes, who lived next door, testified that

after being summoned and entering the garage, he saw the
crossbow "sitting on top of [a] cardboard box" located on the far
side of a refrigerator.   Howes called 911 and, while in the garage,
spoke to a 911 dispatcher.   Hearing the arrival of an ambulance,
Howes left the garage for several minutes.   He estimated that
Creamer remained alone with the deceased victim in the garage for
"a couple minutes" before the ambulance crew entered the garage.

Police photographs of the scene, taken subsequent to Howes'
initial viewing, showed the crossbow on the garage floor wrapped
in a blue bag.   Howes testified that he saw no blue bag on the floor
when he first entered the garage.   He was "positive" that the police
photograph did not depict the scene as he initially observed it, prior
to the arrival of the police and rescue workers.

Creamer maintained that his wife was shot accidentally.   He
testified that he was packing holiday items in the garage and picked
up a blue bag.   He said he "tossed" the bag to the side, not
knowing its contents, and heard "a poof sound."   He then saw that
his wife had been struck by a bolt fired from the crossbow, which
was in the bag.   When confronted with Howes' testimony that he
had seen the crossbow on top of a box, Creamer denied that he had
touched the crossbow or moved it to the garage floor where it was
located when police arrived.

At trial, the Commonwealth argued that the disparity between
Howes' trial testimony and the police photographs demonstrated
that Creamer had staged the crime scene while Howes was outside
the garage meeting the emergency personnel.

[T]he jury returned its verdict of guilty . . . . .

Mem. Op. December 15, 2009, R. No. 2159-08-1.

Petitioner appealed his conviction to the Court of Appeals of Virginia, raising the

following claims:

I.      The trial court erred by denying his motion in limine.

II.     The trial court erred in ruling that the Commonwealth was
        not required to disclose evidence that appellant contends
        was exculpatory.

2

III.   The trial court erred in denying his motion to set aside the verdict on the ground that the Commonwealth failed to disclose the potentially exculpatory evidence addressed in Issue II.

The Court of Appeals denied the petition for appeal.   Order Apr. 1, 2009, R. No. 2159-08-1.   Petitioner's request for review by a three-judge panel was granted on issues II and III.   Order June 16, 2009, R. No. 2159-08-1.   In an unpublished memorandum opinion dated December 15, 2009, the three-judge panel affirmed the judgment of the trial court.   Mem. Op. R. No. 2159-08-1.   The Supreme Court of Virginia denied petitioner's request for further appeal on June 2, 2010.   R. No. 100079.

Petitioner then filed a timely state habeas petition in the Circuit Court for the City of Virginia Beach, raising substantially the same claims he raises in his federal petition.   The Circuit Court dismissed the petition on September 20, 2010.   R. No. CL-10-3396.   Petitioner appealed the Circuit Court's denial to the Supreme Court of Virginia, which dismissed the petition as procedurally defaulted for failing to perfect the appeal in accordance with Virginia Supreme Court Rule 5:9(a).   R. No. 102430.

On March 4, 2011, petitioner filed the instant federal petition raising the following claims:[1]

(1) The trial court wrongly denied petitioner's objections to certain jury instructions.

(2) The trial court and the Court of Appeals of Virginia erred in rejecting the petitioner's motion in limine regarding a prior incident in which the victim had also been struck by a

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when the prisoner delivers the pleading to prison officials for mailing.   Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certified that he placed the petition in the prison mailing system on March 4, 2011.   Fed. Pet; ECF No. 1.

crossbow.

(3) The trial court and the Court of Appeals of Virginia violated petitioner's right to a fair trial by holding that the Commonwealth did not have to divulge evidence that would have impeached Mr. Howes, the Commonwealth's witness.

(4) Petitioner was denied access to the pre-trial statement of prosecution witness Randall Howes, which thereby deprived petitioner of (a) effective assistance of counsel and (b) due process.

(5) Petitioner was denied the effective assistance of counsel in that his trial attorneys did not hire a crossbow expert.

(6) Trial counsel were ineffective because they (a) did not use all available means of discovery and (b) did not investigate or discover any pre-trial statement of the Commonwealth's witness Mr. Howes.

(7) Trial counsel wrongly failed to request a continuance or move for a mistrial based on their late discovery of Mr. Howes' statements, which deprived the petitioner of (a) effective assistance of counsel and (b) due process.

(8) Trial counsel were ineffective for failure to ignore petitioner's instructions to explore plea bargaining options.

## II. Procedural Bar

Where a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

4

When these two requirements have been met, federal courts may not review the barred claims

absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual

innocence. Harris, 489 U.S. at 260.

      A.     Claims (1), (4), (5), (6), (7), and (8).

     In this case, claims (1), (4), (5), (6), (7), and (8) are procedurally defaulted. Petitioner

did not raise these claims on direct appeal, and when he presented them in his appeal of the

circuit court's denial of his state habeas petition, the Virginia Supreme Court held that the claims

were barred by Va. S. Ct. R. 5:9(a), which requires that an appeal must be filed within thirty days

of a final judgment.

     This finding of procedural default is entitled to a presumption of correctness. First, the

Supreme Court of Virginia explicitly relied on petitioner's procedural default under Rule 5:9(a)

to deny relief. Furthermore, the Fourth Circuit has held that the procedural default under Va. S.

Ct. Rule 5:9(a) constitutes an adequate and independent state law ground for decision. See Wise

v. Williams, 982 F.2d 142, 143-144 (4th Cir. 1992); see also Coleman v. Thompson, 501 U.S.

722 (1991) (finding that counsel's failure to file a timely notice of appeal under Rule 5:9(a) from

the state habeas court constituted a procedural default in federal court of the state habeas claims).

Additionally, petitioner has not alleged, and the record does not establish, cause and prejudice

sufficient to excuse procedural default; nor has petitioner argued that a fundamental miscarriage

of justice will result if his claims are not considered. Therefore, claims (1), (4), (5), (6), (7), and

(8) must be dismissed as procedurally defaulted.

### III. State Law Claims

     A. Claim (2)

In petitioner's second claim, he alleges that the trial court and the Court of Appeals of Virginia erred in rejecting his motion in limine, which sought to exclude evidence regarding a prior incident in which the victim was struck by a bolt from a crossbow.  This claim is not subject to the Virginia Supreme Court's finding of procedural default because it was independently presented to the Supreme Court of Virginia in petitioner's direct appeal.  Nevertheless, it must be dismissed because it is not cognizable on federal habeas review.

"Federal habeas corpus relief does not lie for errors of state law."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Federal habeas review is limited to deciding whether a "conviction violated the Constitution, laws, or treatise of the United States."  Id.  Accordingly, it is not the duty of a federal habeas court to reexamine a state court's determination of state law.  Id.

Here, petitioner has not identified any constitutional violation resulting from the state court's alleged error in denying his motion in limine.  Rather, petitioner merely asserts that the state court's decision to permit evidence of a prior crossbow accident violates Virginia's evidentiary law governing the admissibility of "prior bad acts."  See Arg. in Supp. Fed. Pet. at 20; ECF No. 1.  Furthermore, when petitioner raised the identical claim and supporting argument on direct appeal, the Court of Appeals of Virginia denied the claim relying exclusively on state law.[2]  Because petitioner makes no allegations that the alleged state court errors violated his rights under the Constitution, laws, or a treatise of the United States, claim (2) is not cognizable on federal habeas review and must be dismissed.

---

[2] This determination, which was the last reasoned state court decision is imputed to the Supreme Court of Virginia, which refused the petition for further appeal without explanation.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

6

## IV. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts.   28 U.S.C. § 2254(d).   The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard.   See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."   Id. at 413.   Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.   Importantly, this standard of reasonableness is an objective one.   Id. at 410.   Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves."   McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## V. Analysis

A.   Claim (3):

In claim (3) petitioner argues that the trial and appellate courts violated his right to a fair trial by holding that the Commonwealth did not have to divulge evidence that would have

7

impeached a prosecution witness.   Construing the petition liberally, as is appropriate in light of

petitioner's pro se status, this argument appears to be the same argument petitioner raised on

direct appeal when he asserted that the trial court erred in ruling that the Commonwealth was not

required to disclose evidence that was exculpatory.

    Petitioner's claim concerns the disclosure of an interview given by a prosecution witness,

Mr. Howes, to the Virginia Beach Police immediately following the crossbow incident.

Petitioner's trial counsel asserted that statements in the interview were potentially exculpatory

because they might impeach Mr. Howes' trial testimony that that the crime scene photographs

did not match the crime scene as he viewed it.   The Commonwealth did not disclose the

interview to the defense, but agreed to submit it and Mr. Howes' trial testimony for in camera

review to the trial court.   After review, the trial court determined the statements in the interview

were not exculpatory and held that the Commonwealth was not required to disclose them.   On

direct appeal, petitioner requested the Virginia Court of Appeals to review indpendently the

material submitted for the trial court's in camera review to determine whether any part of the

information should have been disclosed to him as exculpatory.   After conducting its own in

camera review, the   three-judge panel of the Court of Appeals of Virginia, held as follows:

> In Brady v. Maryland, 373 U.S. 83 (1963), 'the Supreme Court of
> the United States held that due process requires the prosecution to
> disclose to the defendant all favorable evidence material to his
> guilty or punishmen.'   Garrett v. Commonwealth, 275 Va. 397,
> 406, 657 S.E.2d 100. 106 (2008) (citing Brady, 373 U.S. at 86-87).
>
> > "There are three components of a violation of the
> > rule of disclosure first enunciated in Brady: a) the
> > evidence not disclosed to the accused must be
> > favorable to the accused, either because it is
> > exculpatory, or because it may be used for
> > impeachment; b) the evidence not disclosed must

8

> have been withheld by the Commonwealth either
> willfully or inadvertently; and c) the accused must
> have been prejudiced."

> Id. (quoting Workman v. Commonwealth, 272 Va. 633, 644-45,
> 636 S.E.2d 368, 374 (2006)).

> Pursuant to Garnett, we have reviewed in camera the material
> submitted by the Commonwealth. See id. at 407, 657 S.E.2d at
> 107. We agree with the trial court that the material is not
> exculpatory. It is totally consistent with Howes' testimony. It
> could not have been used for impeachment. The trial court did not
> err in denying Creamer's motion for disclosure.

Mem. Op. Dec. 15, 2009, R. No. 2159-08-1.[3]  An independent review of the interview statement

by Mr. Howes, which was filed under seal in this Court, confirms that nothing in the interview

contradicts any testimony given by Mr. Howes at trial.   At no point in the interview was Mr.

Howes questioned about the location of the crossbow in the garage nor did he give any

description of the crossbow or its location in the garage.   Therefore, the determination of the

Virginia Court of Appeals was neither contrary to nor an unreasonable application of the

controlling Brady principles upon which the Virginia Court of Appeals expressly relied, nor was

it based on an unreasonable interpretation of the facts.   Therefore, federal relief is likewise

unavailable for claim (3).   Williams, 529 U.S. at 412-13.

## VI. Outstanding Motions

Also before the Court are petitioner's Motion for a New Trial and petitioner's Motion for

an Evidentiary Hearing.   Because the respondent's Motion to Dismiss will be granted, the

Motion for a New Trial must be dismissed as moot.   Furthermore, because the reasons for

---

[3] This determination, which was the last reasoned state court decision, is imputed to the Supreme
Court of Virginia, which refused the petition for further appeal without explanation. See Ylst v.
Nunnemaker, 501 U.S. 797, 803 (1991).

9

dismissal of the petition are ascertainable from the record and the applicable law, petitioner's Motion for an Evidentiary Hearing must be denied.   <u>See</u> 28 U.S.C. 2254(d) and (e); <u>Cullen v. Pinholster,</u> ___ U.S. ___, 131 S.Ct. 1388 (2011).

**VII. Conclusion**

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice.   An appropriate Order shall issue.

Entered this ___27th___ day of ___January_____ 2012.



Alexandria, Virginia                                   T. S. Ellis, III
                                                       United States District Judge